■ In the Matter of the Claim of FRIEDA BRAUNE, Respondent, v. HENRICH HAAS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision and award of the Workmen's Compensation Board. The deceased employee, who was the claimant's son, sustained an industrial accident which resulted in his death. The claimant

876

who resides in Bremen, Germany, filed a claim for benefits on September 8, 1958 in which she stated that she was partially dependent on the decedent who sent her $20 and several food packages monthly. In October, 1958 the case was adjourned pending the carrier's investigation of dependency. In April, 1959, the Referee stated he would require a more detailed financial statement from the claimant and an affidavit was obtained from the claimant giving this information. At a hearing in June, 1959 the carrier was given an adjournment to produce evidence on dependency and in September, 1959 it submitted an unsworn statement from an investigator in Germany which the Referee refused to accept in evidence but which appears in the record. There is little variance between this statement and that of the claimant. At that time a request by the carrier for a further adjournment to take the claimant's deposition was denied. The Referee found that dependency had been established, made an award at the maximum rate and this was affirmed by the board. The carrier had ample time in which to produce evidence on the question of dependency and the board's refusal to grant a further adjournment should not be disturbed. The question of dependency is one of fact and there is sufficient evidence in this record to support the board's finding that the claimant was partially dependent upon her deceased son. The appellants further raise the question of the correctness of the decedent's wage rate. This question was not in any way raised before the board nor was it passed upon by the board and the appellants may not now raise the question in this court (Workmen's Compensation Law, § 23; *Matter of La Barge* v. *Mercy General Hosp.*, 12 A D 2d 689, 690). However, if there was error, there is nothing to prevent appellants from applying to the board for a correction. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.